**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:15CV141-RJC-DSC**

| | |
|---|---|
| LAYNETTE KANIPE,  )<br>　　　　Plaintiff,　　) <br>　　　　　　　　　　) <br>　　vs.　　　　　　　) <br>　　　　　　　　　　) <br>CAROLYN W. COLVIN,　) <br>Commissioner of Social　) <br>Security Administration,　) <br>　　　　Defendant.　) <br>＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿） | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #7) and Defendant's "Motion for Judgment on the Pleadings" (document #11), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.[1]

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

## I. PROCEDURAL HISTORY

On October 28, 2011, Plaintiff filed applications for Disability Insurance Benefits

---

[1] Pursuant to the Text-Only Social Security Scheduling Order entered on August 31, 2016, Plaintiff was entitled to file a response brief on or before February 16, 2016. Plaintiff did not file a response.

1

("DIB") alleging that she became disabled on August 25, 2005 due to fibromyalgia, chronic fatigue, depression, arthritis, degenerative disc disease, attention deficit disorder and sleep apnea (Tr. 154, 158). Her date last insured for DIB benefits was December 31, 2010. The applications were denied initially and upon reconsideration. (Tr. 47-65). Plaintiff requested a hearing which was held on November 12, 2013. (Tr. 34-55, 89-90).

On January 24, 2014, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. (Tr. 14-26). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of August 25, 2005 and her date last insured on December 31, 2010. (Tr. 16). The ALJ also found that Plaintiff suffered from depression, anxiety, attention deficit disorder, panic disorder, fibromyalgia, hypertension, chronic fatigue, sleep apnea, lumbar spinal stenosis, irritable bowel syndrome (IBS) and degenerative disc disease, which were severe impairments within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. 16-17).

The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC")[2] to perform medium work,[3] "except the [Plaintiff] climbing, crouching, kneeling, crawling and balancing." (Tr. 18). "In addition, the [Plaintiff] had significant non-exertional limitations, which allowed for sustaining attention and concentration for two hours at a time, precluding work at a production rate or demand pain [sic] and avoiding work environments dealing with crisis

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[3]20 C.F.R. 404.1567 (c) provides: "[m]edium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work."

2

situations, complex decision making or constant changes in a routine setting with 1 to 2 additional 5 minute rest breaks." Id.

The ALJ relied on the testimony of a Vocational Expert ("V.E.") and found Plaintiff was capable of performing her past relevant work as an office clerk because that job did not require the performance of any functions precluded by her RFC. (Tr. 25). Accordingly, the ALJ found that the Plaintiff was not disabled during the relevant time period.

On May 20, 2015, the Appeals Council denied Plaintiff's Request for Review. (Tr. 1-3).

Plaintiff filed the present action on July 14, 2015. She assigns error to the ALJ's evaluation of an October 24, 2013 letter from Dr. Laura A. Black, her treating physician. "Memorandum in Support … " at 1 (document #8).

The parties' Motions are ripe for disposition.

## II. **STANDARD OF REVIEW**

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v.

Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[4] as that term of art is defined for Social Security purposes at any time prior to her date last insured of December 31, 2010. It is not enough for a claimant to show that she suffered from severe medical conditions or

---

[4]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

4

impairments which later became disabling. The subject medical conditions must have become disabling prior to the date last insured. Harrah v. Richardson, 446 F.2d 1, 2 (4th Cir. 1971) (no "manifest error in the record of the prior administrative proceedings" where Plaintiff's conditions did not become disabling until after the expiration of his insured status).

The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p at *2. However, it is the claimant's burden to establish her RFC by demonstrating how those impairments impact her functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-00006, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

Plaintiff asserts that the ALJ failed to give proper weight to a letter written by Dr. Black almost three years after her date last insured. The Fourth Circuit has held that a treating physician's opinion need not be afforded controlling weight. Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). A treating physician's opinion on the nature and severity of an alleged impairment is entitled to controlling weight only if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. See 20 C.F.R. §§ 404.1527(d)(2) (2002); and Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001). Therefore, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence

5

or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Mastro, 270 F.3d. at 178 (citing Craig v. Chater, 76 F.3d 585, 590 (4th Cir. 1996)).

Dr. Black wrote that Plaintiff "underwent extensive evaluation on May 1, 2008, and was diagnosed with chronic fatigue syndrome, fibromyalgia and a sleep disorder." (Tr. 533). She also noted exam findings of poorly reactive pupils, boggy and edematous nasal mucosa, anterior cervical lymphadenopathy, carotodynia,[5] 18/18 tender points of fibromyalgia, sternal tenderness, bilateral SI joint tenderness, poor balance, and that poor performance on serial sevens and digit span support the diagnoses. Id. Dr. Black further stated that cardio-pulmonary exercise testing and laboratory results also confirmed the diagnoses. Id.

After generally discussing the symptoms and treatment of chronic fatigue syndrome and fibromyalgia, Dr. Black concluded as follows:

> Ms. Kanipe is clearly impaired by weakness and exhaustion after minimal activity, muscle and joint pain, inability to sit or stand comfortably for any period of time, and cognitive dysfunction including problems with attention span and concentration. There have been no substantial period [sic] of time during which Ms. Kanipe has been free of symptoms since the onset in 1993. At this time, she is unable to perform any type of activity, even sedentary, on a regular, consistent or sustained basis. As a result, she would not be able to sustain any type of gainful employment. These limitations have been present since her initial consultation with this office. Epidemiologically, it is medically certain that she will not improve significantly in the next 12 months, and probably much longer.
>
> It is our contention that MS. Kanipe meets the requirement of Social Security Regulation 99-2p, which defines disability in persons with CFS (and FM).

(Tr. 534) (emphasis added). By prefacing her opinion with "[a]t this time, …" Dr. Black made clear that her opinion applied to the then current time period. (Tr. 534). Dr. Black did not opine on the nature and severity of Plaintiff's impairments, her prognosis, or what she could still do

---

[5]Carotodynia is pain caused by pressure on the carotid artery. *See* http://www.medilexicon.com/medicaldictionary.php?t=14645.

despite her impairments within the relevant time period from August 25, 2005 until December 31, 2010.

The ALJ considered the medical evidence related to Plaintiff's fibromyalgia through her date last insured of December 30, 2010 in evaluating whether her impairment was disabling during the relevant time period. (Tr. 19-20). The ALJ relied upon substantial evidence including : treatment notes from Dr. Black (Tr. 19-20, 248-68, 326-30, 375-76, 535-36), Dr. Philip A. Arnone from The Balanced Body Center (Tr. 214-41), Dr. Michael McCartney from South Point Family Practice (Tr. 19, 21, 272-320), Dr. William Griffin from OrthoCarolina (Tr. 21, 22, 428-532), Dr. Michael S. Case (Tr. 20, 292-95) and Dr. George H. Dornblazer (Tr. 23, 337-73); Plaintiff's daily activities (Tr. 17, 34-43, 350-373); State agency medical and psychological consultant opinions (Tr. 47-53, 55-63); testimony of the Plaintiff (Tr. 34-43); and testimony of the V.E. (Tr. 43-45). Plaintiff has not challenged the ALJ's evaluation of any of this evidence.

The ALJ properly considered the medical evidence through the date last insured and found that the record supported the conclusion that Plaintiff had the RFC to perform the functions of her past relevant work. (Tr. 25). Dr. Black's opinion concerning Plaintiff's ability to perform any type of activity three years after the period under review ended would not be relevant to the ALJ's decision. Austin v. Astrue, No. 7:06–cv–622, 2007 WL 3070601, at *6 (W.D.Va.2007) ("Errors are harmless in social security cases when it is inconceivable that a different administrative conclusion would have been reached absent the error" )(citing Camp v. Massanari, 22 F. App'x 311 (4th Cir.2001)); Love-Moore v. Colvin, No. 7:12-CV-104-D, 2013 WL 5366967, at *13 (E.D.N.C. Aug. 30, 2013) report and recommendation adopted, No. 7:12-CV-104-D, 2013 WL 5350870 (E.D.N.C. Sept. 24, 2013) aff'd sub nom. Moore v. Colvin, 584 F. App'x 155 (4th Cir. 2014). Any error by the ALJ in the consideration of Dr. Black's letter was harmless.

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and her ultimate determination that Plaintiff was not disabled.

## IV. <u>RECOMMENDATIONS</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #7) be **DENIED**; that Defendant's "Motion for Judgment on the Pleadings" (document #11) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from

raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: February 29, 2016

David S. Cayer
United States Magistrate Judge