UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-00141-RJC-DSC

| LAYNETTE KANIPE, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 7, 8); Defendant's Motion for Summary Judgment and Memorandum in Support, (Doc. Nos. 11, 12); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 13), recommending that this Court deny Plaintiff's Motion and grant Defendant's Motion; Plaintiff's Objections to the Magistrate's M&R, (Doc. No. 14); and Defendant's Reply to Plaintiff's Objections, (Doc. No. 15).

**I. BACKGROUND**

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Thus, the Court adopts the facts as set forth in the M&R.

**II. STANDARD OF REVIEW**

The district court may assign dispositive pretrial matters pending before the court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." Id. at § 636(b)(1)(C); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Under Rule

72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. Fed. R. Civ. P. 72(b). Nonetheless, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, de novo review is not required by the statute "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Id. Ultimately, a district judge is responsible for the final determination and outcome of the case, and accordingly this Court has conducted a careful review of the Magistrate Judge's M&R.

Regarding review of the Commissioner's decision, the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401 )

(brackets in original); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

On summary judgment, Plaintiff argued that the Administrative Law Judge ("ALJ") erred by failing to consider and weigh the medical opinion of Plaintiff's treating physician. After the Magistrate Judge's M&R, Plaintiff timely filed objections arguing that the Magistrate incorrectly determined that the ALJ committed harmless error by not weighing or considering the opinion of Dr. Laura Black, one of Plaintiff's treating physicians. (Doc. No. 14 at 1). Specifically, Plaintiff argues that an October 24, 2013 letter written by Dr. Black should have been considered and given appropriate weight as required by 20 C.F.R. § 404.1527.[1] The letter contained the following language:

> Ms. Kanipe is clearly impaired by weakness and exhaustion after minimal activity, muscle and joint pain, inability to sit or stand comfortably for any period of time, and cognitive dysfunction including problems with attention span and concentration. There have been no substantial period [sic] of time during which Ms. Kanipe has been free of symptoms since the onset in 1993. At this time, she is unable to perform any type of activity, even sedentary,

---

[1] Plaintiff does not specify which step of the five step decisional process she thinks was affected by this alleged error. Nonetheless, Dr. Black's letter, the Plaintiff's brief, and the ALJ's discussion of various opinion evidence seem to indicate that the relevance of Dr. Black's opinions relate to the residual functional capacity determination.

on a regular, consistent or sustained basis. As a result, she would not be able to sustain any type of gainful employment. These limitations have been present since her initial consultation with this office. Epidemiologically, it is medically certain that she will not improve significantly in the next 12 months, and probably much longer.

It is our contention that Ms. Kanipe meets the requirement of Social Security Regulation 99-2p, which defines disability in persons with CFS (and FM).

(Tr. 534). Plaintiff argues that Dr. Black's letter reflects a medical opinion which should at bare minimum be considered, and more likely given controlling weight because it comes from her treating physician. Defendant, on the other hand, argues that the letter does not reflect a medical opinion, but rather is an opinion concerning an administrative finding that is reserved for the Commissioner, and therefore is not due any special consideration.

Under 20 C.F.R. § 404.1527(a)(2), "[m]edical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite your impairment(s), and your physical or mental restrictions." The ALJ must consider all medical opinions in a case, explicitly assess the weight given to each opinion, and if a medical opinion conflicts with the ALJ's Residual Functional Capacity ("RFC") determination, the conflict must be explained in the decision. 20 C.F.R. § 404.1527(b); Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006) ("The ALJ [is] obligated to evaluate and weigh medical opinions 'pursuant to the following non-exclusive list: (1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinions, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" (quoting Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005))); Dew ex rel. K.W. v. Colvin, No. 4:12-CV-129-D, 2013 WL 4523617, at *5 (E.D.N.C. Aug. 27, 2013) ("An ALJ's decision 'must contain specific reasons for the weight given to the

treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" (quoting Soc. Sec. Ruling 96-2p, 1996 WL 374188, at *5 (July 2, 1996))).

But not all opinions from physicians are medical opinions. Some opinions are "opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(d). These opinions are not medical opinions and are not due the same consideration and weight as medical opinions. Indeed, "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 404.1527(d)(1). Final decisions regarding RFC and application of vocational factors are reserved for the Commissioner. 20 C.F.R. § 404.1527(d)(2). Moreover, the Social Security Administration does not give "any special significance to the source of an opinion" on the administrative findings discussed above. 20 C.F.R. § 404.1527(d)(3). Nonetheless, an examining physician's opinion may not be completely ignored—it must be considered by the ALJ. Tomlin v. Colvin, No. 5:13-CV-276-D, 2014 WL 4162402, at *6 (E.D.N.C. July 17, 2014) ("[T]he fact that [a doctor's] opinion more closely resembles a legal conclusion, in part, does not allow the ALJ to simply ignore the opinion without explanation."); Dew ex rel. K.W., 2013 WL 4523617, at *5 ("[T]hese opinions must still be evaluated and accorded appropriate weight.").

Dr. Black's letter arguably contains both medical opinions and non-medical opinions regarding administrative findings. Dr. Black directly speaks to the nature and severity of Plaintiff's impairments, including the physical symptoms ("weakness," "exhaustion," and "muscle and joint pain") and the impact they have on her ability to work ("inability to sit or stand

comfortably for any period of time" and "unable to perform any type of activity, even sedentary on a regular, consistent or sustained basis"). (Tr. 534). Dr. Black also provides her opinion on the diagnosis and prognosis of Plaintiff's impairments. At the same time, Dr. Black opines on administrative findings reserved for the Commissioner. For example, Dr. Black opined that Plaintiff "would not be able to sustain any type of gainful employment" and that Plaintiff "meets the requirement of Social Security Regulation 99-2p." (Tr. 534). Nevertheless, the ALJ is still required to address these opinions.

Regardless of whether Dr. Black's letter reflects a medical opinion, it appears the ALJ did not consider Dr. Black's letter and the opinion evidence therein in any capacity. Indeed, Dr. Black's letter is not explicitly mentioned anywhere in the ALJ's decision.[2] At a bare minimum, the ALJ did not adequately address Dr. Black's opinion evidence and the weight she gave it. Although the ALJ did thoroughly discuss medical evidence, including Dr. Black's medical notes, considering those notes alone is not enough. See Tomlin, 2014 WL 4162402, at *6 (stating that summarizing a doctor's medical evidence is not sufficient because it "does not enable the court to discern what weight, if any, was afforded the opinion"). If the letter was considered, nothing in the record provides the Court with adequate information to evaluate what weight, if any, was afforded to Dr. Black's opinion. This omission is more troublesome given that Dr. Black's opinion tends to support Plaintiff's claims and credibility and goes against the ALJ's conclusions.

Notably, the ALJ did consider and adequately discuss certain opinion evidence. The ALJ stated that she had considered the opinion evidence in accordance with 20 C.F.R. §§ 404.1527 and 416.927, but only mentioned and discussed the opinions of "the State agency medical and

---

[2] Dr. Black's letter is an exhibit to the ALJ's decision, (Tr. 533-34), but it is not explicitly mentioned or discussed in the decision itself.

psychological consultants and the claimant's mental health care provider Dr. Dornblazer." (Tr. 24-25). Nowhere did the ALJ mention Dr. Black's opinion evidence. Moreover, the ALJ assigned great weight to the findings of nonexamining physicians—the State agency medical and psychological consultants—who concluded that "while the claimant suffered from both physical and mental impairments there was insufficient evidence to fully evaluate her impairments or address credibility from her alleged date of disability onset through her date last insured." (Tr. 24). Meanwhile, Dr. Black, a treating physician whose medical opinion is typically due more weight, opined directly on the onset of Plaintiff's impairments, consistent with the Plaintiff's claims and adding to the Plaintiff's credibility.

Without addressing the merits of the ALJ's conclusion regarding Dr. Dornblazer's opinion evidence, the Court notes that the ALJ did explain its consideration of Dr. Dornblazer's opinion by providing a description of the opinion, the weight given to the opinion, and the reasons for assigning that weight. Missing from the ALJ's decision is a similar discussion of Dr. Black's opinion evidence.

Defendant argues that even if the ALJ did err by failing to consider Dr. Black's letter, the error was harmless. (Doc. No. 12 at 19-21). "Errors are harmless in social security cases when it is inconceivable that a different administrative conclusion would have been reached absent the error." Austin v. Astrue, Civil Action No. 7:06cv00622, 2007 WL 3070601, at *6 (W.D. Va. Oct. 18, 2007) (citing Camp v. Massanari, 22 F. App'x 311 (4th Cir.2001)); Love-Moore v. Colvin, No. 7:12-CV-104-D, 2013 WL 5366967, at *13 (E.D.N.C. Aug. 30, 2013) report and recommendation adopted, No. 7:12-CV-104-D, 2013 WL 5350870 (E.D.N.C. Sept. 24, 2013) aff'd sub nom. Moore v. Colvin, 584 F. App'x 155 (4th Cir. 2014). It is conceivable that the ALJ would have reached a different administrative conclusion had she considered Dr. Black's opinion evidence because Dr.

Black was a treating physician who had a long-standing medical relationship with the Plaintiff and came to conclusions in support of Plaintiff's claims but contrary to the ALJ's conclusions. Furthermore, the Fourth Circuit has made clear that "[w]e cannot determine if findings are unsupported by substantial evidence unless the Secretary explicitly states the weight given to all the relevant evidence." Gordon v. Schweiker, 725 F.2d 231, 236 (4th Cir. 1984) (finding that the ALJ did not indicate the weight given to various medical reports and accordingly remanding for reconsideration with instruction to indicate explicitly the weight given to each medical report in the record); see also Ivey v. Barnhart, 393 F. Supp.2d 387, 390 (E.D.N.C. 2005) ("[R]emand is appropriate where an ALJ fails to discuss relevant evidence that weighs against his decision." (citing Murphy v. Bowen, 810 F.2d 433, 438 (4th Cir. 1987)). Accordingly, this Court cannot say that the ALJ's decision was supported by substantial evidence, and the failure to address Dr. Black's opinion evidence is not harmless error.[3]

Therefore, this matter will be remanded to the ALJ. Upon remand, the ALJ shall conduct a new hearing, take any action needed to complete the administrative record, and issue a new decision. The ALJ will be directed to: (1) explain what weight is afforded to all opinions found in the record, including but not limited to Dr. Black's opinion; (2) consider further Plaintiff's residual functional capacity; (3) evaluate further Plaintiff's subjective complaints and credibility; and, if necessary (4) obtain supplemental testimony from a vocational expert.

---

[3] Defendant also argues that because the medical opinion was rendered almost three years after the date last insured for disability benefits, Dr. Black's opinion should not be considered. Yet, the Defendant cites no authority for this proposition and this Court is not aware of any regulation or case relieving the ALJ of its requirement to consider relevant evidence solely because that evidence was rendered after the date last insured. If Dr. Black's letter only provided evidence related to the period of time after the date last insured, the Court would be more persuaded by Defendant's argument, but clearly, Dr. Black's letter at least partially relates back to her initial examination of Plaintiff in May 2008, prior to the date last insured.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 7), is **GRANTED**;

2. Defendants' Motion for Summary Judgment, (Doc. No. 11), is **DENIED**; and

3. The Commissioner's decision is **REVERSED** and the case is **REMANDED** for further administrative proceedings consistent with this Order.

Signed: September 27, 2016

Robert J. Conrad, Jr.
United States District Judge